IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANDREW TIMOTHY HOLT,      ) | |
|     Plaintiff,      ) | |
| v.      ) | Civ. No. 2:24-cv-02627-SHM-tmp |
| SHELBY COUNTY JAIL, ET AL.,      ) | |
|     Defendants.      ) | |

**ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*
ORDER DISMISSING CASE WITHOUT PREJUDICE
AND ASSESSING $405 CIVIL FILING FEE**

On August 30, 2024, Plaintiff Andrew Timothy Holt, booking number 22118472, who is incarcerated at the Shelby County Jail in Memphis, Tennessee, filed a pro se civil complaint. (ECF No. 1.)  The Court ordered Plaintiff to provide additional documentation to request leave to proceed *in forma pauperis* or pay the entire $405 civil filing fee.  (ECF No. 3.)  Plaintiff was warned that, if Plaintiff failed to comply with the order in a timely manner, the Court would "deny leave to proceed *in forma pauperis*, assess the entire $405 filing fee from Plaintiff's trust account without regard to the installment payment procedures, and dismiss the action without further notice pursuant to Federal Rule of Civil Procedure 41(b)."  (ECF No. 3 at PageID **7**.)

Plaintiff has failed to comply with the October 18, 2024 order, and the time for compliance has expired.  Plaintiff has not paid the filing fee or provided the required documents to proceed *in forma* pauperis.  Plaintiff is DENIED leave to proceed *in forma pauperis*.

The complaint is hereby DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee, since the responsibility for paying the filing fee accrues at the time the complaint is filed. *McGore v. Wrigglesworth,* 114 F.3d at 601, 607 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry,* 716 F.3d 944, 951 (6th Cir. 2013); *cf. In re Alea,* 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee).

It is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall withdraw from Plaintiff's trust fund account the sum of $405 and forward that amount to the Clerk of this Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full. The trust fund officer is not required to remit any balances less than $10, unless that amount would constitute the final installment of the civil filing fee, provided that any balance under $10 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into Plaintiff's account to bring the balance to $10.

Each time that the trust fund officer makes a payment to the Court as required by this order, the trust fund officer shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

>  Clerk, United States District Court, Western District Tennessee
>  167 N. Main, Ste. 242
>  Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number as it appears on the first page of this order. If Plaintiff is transferred to a different prison or released, Plaintiff is ORDERED to notify the Court immediately of Plaintiff's change of address. If still confined, Plaintiff shall provide the officials at the new prison with a copy of this order. If Plaintiff fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, including a monetary fine or restrictions on Plaintiff's ability to file future lawsuits in this Court, without additional notice or hearing.

The Clerk is ORDERED to mail a copy of this order to the prison official in charge of prison trust fund accounts and to the administrator of the jail to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

IT IS SO ORDERED this  5th  day of December, 2024.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE